UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN A. FERNICOLA, JOHN FERNICOLA, and THERESA M. PERRONE,<br><br>     Plaintiffs,<br><br>     v.<br><br>BOROUGH OF POINT PLEASANT BEACH, a municipal corporation of the State of New Jersey, and PAUL KANITRA, individually,<br><br>     Defendants. | Civil Action No. 22-6971 (GC) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**SINGH, United States Magistrate Judge**.

Pending before the Court is a Motion by Plaintiffs John A. Fernicola, John Fernicola, and Theresa M. Perrone (collectively, "Plaintiffs"), seeking Leave to Amend their Complaint (the "Motion to Amend"). (Dkt. No. 12). Defendants Borough of Point Pleasant Beach (the "Borough") and Paul Kanitra ("Kanitra") (collectively, "Defendants") oppose the Motion and, in the alternative, cross-move to sever Plaintiffs' proposed new claims (the "Cross-Motion"). (Dkt. No. 15). Plaintiff has replied to the opposition and opposes the cross-motion to sever. (Dkt. No. 19). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiffs' Motion for Leave to Amend is **GRANTED** and Defendants' Cross-Motion is **DENIED** without prejudice.

I.     RELEVANT BACKGROUND AND PROCEDURAL HISTORY

This action arises out of Defendants' alleged conduct at the Amethyst Beach Motel (the "Motel") located in Point Pleasant Beach, New Jersey, on real property owned by Plaintiffs.

1

Plaintiffs allege that Defendants conspired to condemn the property and damage Plaintiffs' reputation and business leading up to and during the COVID-19 pandemic, in retaliation for Plaintiffs having contracted with Ocean County Board of Social Services to provide emergency and temporary housing services for at-risk individuals.

On May 18, 2021, Plaintiffs filed their Complaint in the Superior Court of New Jersey, Law Division: Ocean County. (Dkt. No. 1-1). Since then, Plaintiffs twice amended that Complaint in the state court proceedings. (*See* Dkt. Nos. 1-8, -21). On December 2, 2022, Defendants removed the action to this Court. (Dkt. No. 1). Defendants then moved to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 2; *see also* Dkt. Nos. 1-2, -11). Plaintiffs opposed that motion to dismiss and cross-moved to stay all proceedings in this matter for a six-month period. (Dkt. No. 5). Defendants replied and opposed the cross-motion to stay. (Dkt. No. 8).

While Defendants' motion to dismiss was pending, on June 9, 2023, Plaintiffs filed the instant Motion to Amend.[1] (Dkt. No. 12). Through the proposed Third Amended Complaint, Plaintiffs seek to add claims of malicious use of process and tortious interference with contract and prospective economic advantage. (Dkt. No. 12-4 at ¶¶ 160, 177-81). Plaintiffs also seek to join two new plaintiffs—Amethyst International, Inc., which operates the Motel, and World Trade Associates, Inc., which manages the Motel—to assert the malicious use of process and tortious interference claims on their behalf. (Dkt. No. 12-4 at ¶¶ 13-14).

Through the proposed amended pleading, Plaintiffs allege that, in early April 2020, an officer with the Borough Police Department (the "PPBPD") informed individuals staying at the Motel that they were not required to pay rent due to recent state executive orders issued in response to the

---

[1] On June 12, 2023, this Court administratively terminated Defendant's Motion to Dismiss pending the outcome of the instant motion. (Dkt. No. 13).

2

COVID-19 pandemic, although the COVID-19 eviction moratorium did not include hotel/motel occupants until later on April 25, 2020. (Dkt. No. 12-4 at ¶¶ 36-40). Around the same time, Plaintiff John Fernicola[2] sought assistance from Borough officials and law enforcement as to individuals "squatt[ing]" at the Motel and causing property damage, which Borough officials did not provide. (Dkt. No. 12-4 at ¶ 32). According to Plaintiffs, Mayor Kanitra and then-Chief of Police of the PPBPD Joseph Michigan exchanged text messages in which they suggested Plaintiffs could alleviate their issues with Motel residents by simply ceasing to "take anymore customers[.]" (Dkt. No. 12-4 at ¶ 29). Plaintiffs also allege that Michigan threatened to arrest Plaintiff John Fernicola if he attempted to remove the Motel residents who did not pay rent. (Dkt. No. 12-4 at ¶ 31 n.1).

On April 11, 2020, the PPBPD issued summonses and citations to Plaintiff John Fernicola and the Motel's manager for disorderly persons offenses. (Dkt. No. 12-4 at ¶ 32). Plaintiffs allege that Michigan texted Kanitra that he was willing to "put[] out [the PPBPD's] own press release with an announcement of all the pending criminal charges we can issue him for his past and current actions." (Dkt. No. 12-4 at ¶ 162). The PPBPD did issue a press release, online and in newspapers, which stated that the PPBPD responded to a report of a dispute between management and occupants at the Motel on April 11, 2020. (Dkt. No. 12-4 ¶ 34). According to the press release, the Motel manager demanded rent or removal and the residents complained the Motel turned off the power to several rooms for failure to pay timely rent. (Dkt. No. 12-4 at ¶ 34). The press release reported that charges were brought against Plaintiff John Fernicola and the Motel manager. (Dkt. No. 12-4 at ¶ 34).

Plaintiffs assert that thereafter Defendants continued to defame Plaintiffs and sought to interfere with their property ownership and the Motel's operations. Ultimately, on April 20, 2021,

---

[2] To avoid any confusion, the Court refers here to Plaintiff John Fernicola rather than Plaintiff John A. Fernicola.

the Borough adopted Ordinance 2021-12 (the "Condemnation Ordinance"), which authorized condemnation of the property on which the Motel sat to serve a purported need for parking for those accessing the beach. (Dkt. No. 12-14 ¶¶ 78-79). Plaintiffs allege, however, that the Borough used the Condemnation Ordinance "as part of its effort to gain leverage in its negotiations with Plaintiff John Fernicola to acquire the Property." (Dkt. No. 12-14 at ¶ 81).

After about two and a half years of dormancy, in or about October 2022, the municipal court dismissed the charges against Plaintiff John Fernicola with prejudice. (Dkt. No. 12-4 at ¶¶ 32, 38-40, 94-100). Plaintiffs also allege that Defendants' conduct resulted in a loss of their contract with the Ocean County Board of Social Services. (*See* Dkt. No. 12-4 at ¶ 23).

Through the proposed Third Amended Complaint, Plaintiffs seek to join as parties the operator and manager of the Motel and to assert claims of Malicious Use of Process and Tortious Interference with Prospective Economic Advantage and/or Contractual Relations. Defendants oppose the Motion to Amend based on futility, asserting many of the same arguments raised in their respective motions to dismiss and contending that the new claims sought to be raised fail to comply with Federal Rule of Civil Procedure 8. (*See* Dkt. No. 15). In the event that the Court should grant Plaintiffs' Motion to Amend, Defendants cross-move for severance of Plaintiffs' proposed new claims. (Dkt. No. 15 at pp. 12-15). Specifically, Defendants ask the Court to sever Counts Eight and Nine of Plaintiffs' Proposed Third Amended Complaint. (Dkt. No. 15 at p. 12; *see also* Dkt. No. 12-4 at ¶¶ 36-40).

In reply, Plaintiffs argue that the proposed amendments are not futile, as the proposed Third Amended Complaint states plausible claims upon which relief may be granted. (*See* Dkt. No. 19). Plaintiffs also oppose the Cross-Motion to Sever, asserting that their proposed new claims arise from the same series of unlawful conduct at the heart of the claims asserted in their Second Amended Complaint. (Dkt. No. 19 at pp. 15-17).

## II. LEGAL STANDARDS

Plaintiffs seek leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Pursuant to Rule 15(a)(2), parties may amend their pleadings upon the opposing parties' written consent or with leave of Court. Fed. R. Civ. P. 15(a)(2). Courts will freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) the amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Notable here, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

Additionally, in the event the Court grants Plaintiffs' Motion to Amend, Defendants cross-move to sever Plaintiffs' proposed new claims. (*See* Dkt. No. 15). Under Federal Rule of Civil Procedure 20, plaintiffs may be joined if "they assert any right to relief jointly, severally, or in the

5

alternative with respect or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).  Joinder of claims and parties is "strongly encouraged," and district courts should "entertain[] the broadest possible scope of action consistent with fairness to the parties." *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).  Rule 20 also permits district courts to enter protective orders, including orders for separate trials, for case management purposes and to protect parties against "embarrassment, delay, expense, or other prejudice" arising from joinder of additional parties.  Fed. R. Civ. P. 20(b).

Upon motion or on its own initiative, the Court may "sever any claim against a party" pursuant to Federal Rule of Civil Procedure 21.  Fed. R. Civ. P. 21.  Rule 21 is "most commonly invoked to sever parties improperly joined under Rule 20." *Acosta v. Anthem Lounge*, Civ. No. 18-17710, 2019 WL 5304156, at *3 (D.N.J. Oct. 18, 2019) (quotation omitted).  Severance of claims into independent actions under Rule 21 is appropriate "where the claims to be severed are discrete and separate in that one claim is capable of resolution despite the outcome of the other claim." *Ames v. USAA Life Ins. Co.*, Civ. No. 18-9865, 2018 WL 5634684, at *1 (D.N.J. Oct. 31, 2018).  An order severing claims effectively creates a separate, independent action where the severed parties continue to litigate those severed issues. *Acosta*, 2019 WL 5304156, at *3.

> For the Court to sever Plaintiffs' proposed new claims from this action, it must consider:
>
> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted.

*J. Fletcher Creamer & Son, Inc. v. Hiscox Ins. Co.*, Civ. No. 19-21638, 2020 WL 2899499, at *4 (D.N.J. June 2, 2020); *Turner Constr. Co., Inc. v. Brian Trematore Plumbing & Heating, Inc.*, Civ.

No. 07-666, 2009 WL 3233533, at *4 (D.N.J. Oct. 5, 2009) ("No one factor is determinative, and a court must consider the overall equities of a case in ruling on a motion to sever . . . ." (internal quotation omitted)). The Court exercises discretion in determining whether to sever. *See Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999).

### III.   DISCUSSION

#### A.   PLAINTIFFS' MOTION TO AMEND

Here, Defendants oppose the Motion to Amend on the basis of futility, asserting that Plaintiffs have failed to state a plausible claim as to each proposed new claim or that such claims are barred by the applicable statute of limitations. Indeed, their arguments on the Motion to Amend overlap extensively with the arguments made in support of their motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and with arguments that might be raised in any subsequent motions to dismiss Plaintiffs' proposed new claims. Indeed, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *Colombo v. Bd. of Educ. for the Clifton Sch. Distr.*, Civ. No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (citing *in re Aetna UCR Litig.*, Civ. No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)). Accordingly, exercising its discretion, the Court will not consider the futility arguments in connection with its review of the Motion to Amend, which may be made in a responsive motion to the Third Amended Complaint. *See id.*

Accordingly, the Court hereby grants Plaintiff's Motion to Amend. Defendants may renew their motions to dismiss following the filing of Plaintiff's Third Amended Complaint.

#### B.   DEFENDANTS' CROSS-MOTION TO SEVER

Having granted Plaintiffs' Motion to Amend, the Court turns to Defendants' Cross-Motion

to sever Plaintiffs' proposed new claims from this action. Defendants assert that Plaintiffs' proposed new claims do not share a common issue of fact or law or arise from the same transaction or occurrence with their existing claims, and thus severance is appropriate pursuant to Federal Rules of Civil Procedure 20 and 21. (Dkt. No. 15 at pp. 12-15). The crux of Defendants' argument is that the institution of the municipal charges against Mr. Fernicola is a separate transaction or occurrence—or even series of transactions or occurrences—from the allegedly defamatory press release and adoption of the Condemnation Ordinance, which form the basis for Plaintiffs' claims asserted in the Second Amended Complaint. (Dkt. No. 15 at pp. 14-15). Defendants contend that the discovery required for Plaintiffs to establish that they are entitled to relief for these separate and distinct alleged injuries will be substantially different from that required for their previously asserted claims. (Dkt. No. 15 at p. 14). Plaintiffs counter that the previously asserted claims and their proposed claims in Counts Eight and Nine are based on an "identical series of unlawful conduct" involving the allegedly defamatory press release, the municipal charges, and the Condemnation Ordinance, which were each designed to damage Plaintiffs' personal and business reputation. (Dkt. No. 19 at p. 15).

At this stage, the Court finds it premature to determine the propriety of the severance of Plaintiffs' proposed Counts Eight and Nine in the Third Amended Complaint. Indeed, upon adjudication of anticipated motion(s) to dismiss, the Court may narrow Plaintiffs' claims which could impact any purported need for a severance of the claims. Accordingly, the Court denies Defendants' Cross-Motion to Sever without prejudice.

IV. **CONCLUSION**

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS**, **THEREFORE**, on this **20th** day of **November 2023**, hereby

**ORDERED** that Plaintiffs' Motion to Amend, (Dkt. No. 12), is hereby **GRANTED**; and it

is further

  **ORDERED** that Defendants' Cross-Motion to Sever, (Dkt. No. 15), is hereby **DENIED without prejudice**; and it is further

  **ORDERED** that Plaintiffs shall file their Third Amended Complaint within seven (7) days of entry of this Order; and it is further

  **ORDERED** that Defendants shall file a response to the Third Amended Complaint within fourteen (14) days of the filing of the Third Amended Complaint; and it is further

  **ORDERED** that the Clerk of the Court shall terminate the Motions pending at Docket Entry Nos. 12 and 15.

  **SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**